1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT

9          SOUTHERN DISTRICT OF CALIFORNIA

10

11   ROBERT DUDASH,                          Case No.:  3:25-cv-01479-JES-VET

12                           Plaintiff,      **ORDER DENYING MOTION TO
                                             PROCEED IN FORMA PAUPERIS
13   v.                                      WITHOUT PREJUDICE**

14   STATE OF CALIFORNIA PAROLE, et
     al.,
15                                           **[ECF No. 2]**
16                          Defendants.

17

        Presently before the Court is Plaintiff Robert Dudash's ("Plaintiff") Application to

18   Proceed in District Court Without Prepaying Fees or Costs ("Motion"). ECF No. 2.

19   Plaintiff filed a complaint on June 9, 2025. ECF No. 1.

20      Parties instituting a civil action must pay a filing fee of $405[1] unless they are granted

21   leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). A party need

22   not "be absolutely destitute" to proceed IFP. *Adkins v. E.I. DuPont de Nemours & Co.*, 335

23   U.S. 331, 339 (1948). "Nonetheless, a plaintiff seeking IFP status must allege poverty 'with

24

25

26

27   [1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55. *See*
     28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, section 14
     (eff. Dec. 2020). The additional $50 administrative fee does not apply to persons granted leave to proceed
28   IFP. *Id.*

some particularity, definiteness, and certainty.'" *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (quoting *United States v. McQuade*, 647 F.3d 938, 940 (9th Cir. 1981)). To that end, "[a]n affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Id*. "But, the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in part, to pull his own oar." *Temple v. Ellerthorp*, 586 F. Supp. 848, 850 (D.R.I. 1984).

Plaintiff's IFP application fails. In the application, he reports no income, no assets and no expenses. Plaintiff put "N/A" throughout the entirety of the application. *See generally* ECF No. 2. In response to why he cannot pay the costs of these proceedings, he wrote "cost too much." *Id*. at 5. In order for the court to properly evaluate his ability to pay, Plaintiff must accurately and fully complete the application. He must list all sources of income, all of his expenses and any assets that he owns, including any vehicles or property. The Court is unable to assess whether to grant IFP status without this information.

In sum, the Court is unable to determine from the Motion whether Plaintiff qualifies for IFP status. Accordingly, the Court **DENIES** Plaintiff's Motion **without prejudice**. Plaintiff is given **fourteen (14) days** from the date of this Order to either (1) pay the entire $405 filing fee; or (2) filed a renewed motion to proceed IFP that addresses the concerns identified in this Order. Should Plaintiff elect the latter option, he must submit a complete and accurate IFP application. If Plaintiff fails to timely comply with the requirements of this Order, the Court will dismiss this action without prejudice.

**IT IS SO ORDERED.**

Dated:  June 30, 2025

Honorable James E. Simmons Jr.
United States District Judge